■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT HUNTER, Appellant.—Judgment, Supreme Court, New York County, rendered March 24, 1976,[1] convicting the defendant upon his plea of guilty to the crime of possession of a weapon as a felony, after denial of a motion to suppress, unanimously affirmed. At the hearing on the motion to suppress physical evidence, Patrolman Bartley Porzio testified that he observed the defendant Hunter in an automobile weaving through traffic at an excessive speed. The officer thought that the defendant may have been intoxicated. He stopped the defendant to ask for his license and registration. While Hunter was reaching into his back pocket, the officer noticed a gun holster on the defendant's left hip. He directed Hunter to place his hands on the steering wheel. Porzio then removed a 7.65mm automatic loaded with four rounds of ammunition. The defendant was arrested. The Judge, at the conclusion of the hearing, held that the stop was valid as a routine traffic check and denied the motion to suppress the physical evidence uncovered as a result of that stop. The rationale of the hearing court is untenable in view of the Court of Appeals pronouncement that arbitrary routine traffic checks are

1. The defendant's judgment of conviction was originally rendered on March 17, 1975 and a notice of appeal therefrom was timely filed. The judgment was vacated when it was discovered that he had been improperly sentenced as a predicate felon. He was resentenced on March 24, 1976 but, in error, no second notice of appeal was filed. This court approves the stipulation of counsel to deem the original notice of appeal to have been refiled as of March 24, 1976, pursuant to CPL 460.30.

proscribed *(People v Ingle,* 36 NY2d 413).[2] However, the testimony of the officer relating to Hunter's erratic driving pattern offers sufficient basis for the stopping of the vehicle *(People v Ingle, supra,* p 416; *People v Denti,* 44 AD2d 44, 45–46), and accordingly we find that the motion to suppress was properly denied. Concur—Birns, J. P., Silverman, Lane and Nunez, JJ.

---

2. While the case at bar was decided prior to *Ingle,* the rationale of *Ingle* has been applied retroactively *(People v Simone,* 39 NY2d 818, revg 48 AD2d 497).